**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RACHEL SIMS**                                                                              **PLAINTIFF**

**V.**                               **CASE NO. 4:19-CV-653-JM**

**LITTLE ROCK PLASTIC SURGERY,**
**P.A.; MICHAEL L. SPANN, M.D.;**
**AND KRISTY SPANN**                                                      **DEFENDANTS**

## AGREED PROTECTIVE ORDER

On this day came on to be considered before this Court, this Joint Motion of the Parties for

a Protective Order of Protected Health Information ("PHI") and other confidential information.

Based upon the pleadings filed herein, the statements of counsel and all other matters before this

Court, it is hereby found and ordered that:

1.      **Purposes and Limitations.**  The Parties anticipate that during the course of

discovery it will be necessary to disclose certain confidential information relating to the subject

matter of this action.  Certain categories of such information should be treated as confidential,

protected from disclosure outside this litigation, and used only for purposes of prosecuting or

defending this action and any appeal.  The Parties request the entry of this Protective Order to

limit the disclosure, dissemination, and use of certain identified categories of confidential

information.

Protection of the identified categories of confidential information is necessary because

the Parties' confidential and/or proprietary business records, including, but not limited to,

employment records, contracts, business agreements, financial and tax records, information

relating to business operations, personnel and employee files, medical and patient records, and

documents containing patient information may need to be disclosed during the course of

discovery for this case.

2.      **Definitions:**

"Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

"Confidential Information" means information (regardless of how it is generated, stored or maintained) or tangible things that are normally kept private or secret or derive independent value from being kept private or secret, including but not limited to information that qualifies for protection under the Health Insurance Portability and Accountability Act ("HIPAA"), personnel files, medical files and reports, rates of pay, compensation information, insurance coverage information, benefits information, and other private financial information, all of which is proprietary or sensitive in nature that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or non-parties.  Information or documents that are legally available to the public may not be designated as Confidential Information.

"Counsel" means attorneys of record or attorneys affiliated with a law firm which has appeared on behalf of a party (as well as their support staff).

"Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL".

"Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

"Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

"Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

"Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts and Counsel.

"Producing Party" means a Party or Non-Party that produces Disclosures or Discovery material in this action.

"Protected Health Information" or "PHI" means individually identifiable health information that is covered by federal regulations governing privacy of such health information ("Privacy Rules").  42 C.F.R. Parts 160 and 164, Subparts A and E.

"Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      **Scope.**  All documents and materials produced in the course of discovery of this case, including required disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (herein collectively "documents"), are subject to this Order concerning Confidential Information as defined herein.  As there is a presumption in favor of open and public judicial proceedings, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

The protections conferred by this Order do not extend to any information that is legally in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a

violation of this Order, including becoming part of the public record through trial or otherwise.

**4.      Form and Timing of Designation.**  The Producing Party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (hereinafter "the marking") on the document and/or coversheet and on all copies in a manner that will not interfere with the legibility of the document.

As used in this Order, copies include electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking.  By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties it is withdrawing the mistaken designation.

**5.      Inadvertent Failure to Designate**.  Inadvertent failure to designate any document or material as containing Confidential Information does not, standing alone, constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      **Depositions**.  Deposition testimony will be deemed confidential only if designated on the record, before the close of the deposition, or within thirty (30) days after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and any exhibits to be protected. If documents bearing the marking are introduced as exhibits to depositions, it is understood and agreed that the exhibits are confidential. As such, only redacted versions of deposition exhibits will be filed of public record and the unredacted versions will be filed with the Clerk of Court under seal.

7.      **Access to and use of Confidential Information**.

(a)      **General Protections**.  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending or attempting to settle this lawsuit, including any appeal or other related legal proceeding brought by a party to this litigation.  Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order.

Provided, however, this Order does not limit the ability of a Party to use confidential information for other purposes allowed by HIPAA, including treatment, payment and healthcare operations, health oversight agency activities, and judicial or administrative proceedings, as long as HIPAA requirements are met.

(b)      **Who May View Designated Confidential Information**.  Except with the prior written consent of the Designating Party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(i)      The parties to this litigation, including any employees, agents, and representatives of the parties;

(ii)      Counsel for the parties and employees and agents of counsel;

      (iii)     The Court and court personnel, including any special master appointed by the Court, and members of the jury;

      (iv)     Court reporters, recorders, and videographers engaged for depositions;

      (v)     Any mediator appointed by the Court or jointly selected by the parties;

      (vi)     Any witness, expert, outside consultant, or investigator retained specifically in connection with this litigation, regardless of   whether such witness, expert, outside consultant, or investigator     testifies or gives a statement related to this litigation, but only after such persons have completed the certification attached hereto as Attachment A, Acknowledgement and  Agreement to be Bound;

      (vii)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining the facts or in testifying, and only after such persons have completed the certification attached hereto as Attachment A,  Acknowledgement and Agreement to be Bound;

      (viii)   The author or recipient of the document (not including a person who received for the first time the document in the course of litigation);

(ix)    Independent providers of document reproduction, electronic

discovery, or other litigation services retained or employed

specifically in connection with this litigation; and

(x)    Other persons only upon the consent of the Producing Party

and on such conditions as the parties may agree.

**(c)    Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**(d)    Filing of Confidential Information Under Seal, as Necessary**.  Any confidential material disclosed in any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the documents is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of the confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.  Only the parties, counsel of record and unrepresented parties will have access to the sealed documents.

**(e)    Challenges to a Confidential Designation**.  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party

that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

(f)     **Use of Confidential Documents or Information at Trial or Hearing**. Subject to the Federal Rules of Evidence, the parties agree they will exchange exhibits that will be introduced at any trial or hearing at least five (5) days prior to the trial or hearing date by providing copies or otherwise identifying by Bates number the documents that may be offered to the Court. Nothing in this Protective Order prohibits either party from offering confidential information or documents in evidence at trial or any Court hearing, providing the proponent of the evidence satisfies the five (5) day notice providing of this Protective Order. Either party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure of confidential information and documents. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at trial or any hearing.

8.     **Duration**.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

trials, or reviews of this action, including the time limits for filing of any motions or applications for extension of time pursuant to applicable law.

9.      **Final Disposition.**  Within sixty (60) days of final disposition as defined in Paragraph 8 above, all documents designated as containing Confidential Information, including copies as defined above, retained by parties other than Counsel of Record, must be returned to the party who previously produced the document unless (1) the document has been offered into evidence or filed without restriction as to disclosures; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  If the parties agree to the destruction of confidential documents, the party must certify, in writing, that the documents have been destroyed.

Notwithstanding the foregoing requirements to return or destroy documents, counsel may retain attorney work product, with Counsel's regular destruction policies in effect.   This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that s/he does not disclose Confidential Information in violation of this Order.

11.      **Effective Date**.  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

12.      **Third Parties**.  The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

13. **Confidential Information Subpoenaed *or* Ordered Produced in Other Litigation**.  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," by the other Party, the Receiving Party must:

(a)      Promptly notify in writing the Designating Party and include a copy of the subpoena or court order;

(b)      Immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and included a copy of this Order in such notice.

These duties alert the interested persons to the existence of this Order and afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The Designating Party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as 'CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or is otherwise required to produce it under governing laws or rules.

14. **Unauthorized Disclosure of Confidential Information**.  If, either during the course of this litigation or following the final disposition thereof, including the final exhaustion of all appeals, Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately

bring all pertinent facts relating to such disclosure to the attention of counsel for the parties, any other interested persons, and the Court, and without prejudice to other rights and remedies of the parties, make every effort to prevent further disclosure.

15.    **Inadvertent Production of Confidential Information**.  When a Producing Party gives notice to Receiving Parties that certain confidential information was inadvertently produced, the obligations of the Receiving party are those set forth in Fed. R. Civ. P. 26.

16.    **Miscellaneous.**

(a)    **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(b)    **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

(c)    **Violations of the Protective Order**.  Violation of any term of this Order will lead to the imposition of all appropriate sanctions within the power of this Court, including, but not limited to, contempt proceedings and other judicial process.

IT IS SO ORDERED this 27th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Eastern District of Arkansas, Central Division in the case of *Rachel Sims v. Little Rock Plastic Surgery P.A.; Michael L. Spann, M.D.; and Kristy Spann,* 4:19-CV-.653-JM.  I agree to comply with and to be bound by the terms of this Protective Order and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any many any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the Federal District Court for the Eastern District of Arkansas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.


_____
Signature

_____
Date